UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | Claim No: 1999A15226 |
| vs. | § § § | |
| Albert D. Walker aka Albert O. Mandrell-Walker | | |

### COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 15805 Baylis, Detroit, Michigan 48238.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $693.15 |
| B. Current Capitalized Interest Balance and Accrued Interest | $1,675.24 |
| C. Administrative Fee, Costs, Penalties | $87.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$2,455.39** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 9.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Albert D. Walker
Aka: Albert O. Mandrellwalker
19675 Stoter
Detroit, MI 48234

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08-10-99.

On or about 09-13-83 the borrower executed promissory note(s) of $1,250.00 to secure loan(s) from ITT Educational Services, Inc. DBA at the annual rate of 9% under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $556.85 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 11-23-85 and the holder filed a claim on the guarantee.

Since assignment of the loan, the Department has received a total of $0.00 from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $693.15 |
| Interest: | $860.99 |
| Late Fees: | $0.00 |
| Admin. Costs: | $87.00 |
| Total Debt as of 08-10-99: | $1,641.14 |

Interest accrues on the principal shown here at the rate of 9% per annum and a daily rate of $0.17.

CERTIFICATION: Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Date: ___9/9/99___                          Name: ___[signature]___
                                            Loan Analyst
                                            Litigation Branch

05-14-002330   62.50

| DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE OFFICE OF EDUCATION WASHINGTON, D.C. 20202 PROMISSORY NOTE FEDERAL INSURED STUDENT LOAN PROGRAM (20 U.S.C. 1071 et seq) | | CITY INDIANAPOLIS |
|---|---|---|
| | | STATE INDIANA |

| (This date need not be included if it is the same as the date of the transaction.) | DATE FINANCE CHARGES BEGIN TO ACCRUE 08/10/83 | AMOUNT FINANCED $ 1240.81 | PREPAID FINANCE CHARGES (Insurance premiums) $ 9.19 | AMOUNT OF LOAN $ 1250.00 |
|---|---|---|---|---|
| | ANNUAL PERCENTAGE RATE ➔ | | A) PRIOR TO BEGINNING OF REPAYMENT PERIOD 1/4% | B) DURING REPAYMENT PERIOD 9 PERCENT |

I, __ALBERT D. WALKER_____, hereinafter called the "maker," promise to pay to

__ITT EDUCATIONAL SERVICES, INC. (DBA) ITT TECH. INST._____, hereinafter called the "lender," located at

__3500 DEPAUW BOULEVARD, INDIANAPOLIS, IN. 46268__, the sum of $ __1250.00__ to the extent it is advanced to me, plus simple interest at the rate of __9__ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government or by an escrow agent.

The maker and lender further understand and agree that:

I. The lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of the Act and the FEDERAL REGULATIONS pertaining to such Act, a copy of which is on file with the lender.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing __6__ months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph V (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. EXCEPTION: The maker and lender, during the __6__ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with either (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the U.S. Commissioner of Education (hereinafter called the "Commissioner") in order to provide insurance coverage on this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. Maker authorizes the lender to disburse the proceeds of this note to an escrow agent, on behalf of the maker, for redisbursement to the maker in accordance with instructions issued by the Commissioner. Lender will not attempt to collect from the maker such sums of money as have been disbursed to an escrow agent account but not redisbursed by the escrow agent to or on behalf of the maker.

V. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to rebate of unearned interest computed by [ ] the Rule of Eighty-Sixths (the "Rule of 78ths") [X] other (identify) __SIMPLE__

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, according to regulations, during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Commissioner.

(6) Makers shall promptly notify the lender or any other holder of this note in writing of any change or changes in his address or his status as at least a half-time student.

(7) A late charge of 5 percent of the installment payment or $5.00, whichever is less, may be charged on any payment made later than 10 days after the due date.

| SIGNATURE Albert D. Walker | ADDRESS 19334 SNOWDEN DETROIT MICH. 48235 | DATE 9-13-83 |
|---|---|---|
| WALKER*ALBERT D* CLAIM NO 0048632097 07-16-86 | | DATE |

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

/s/ *[signature]* 8-5-97
NAME                    DATE

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

### BORROWER RIGHTS

1. The loan check must be made payable to the borrower and require his/her endorsement.

2. If the lender transfers (e.g. sells) the loan and the right to receive payments, the borrower must be sent a clear notificat which spells out the borrower's obligations to the new holder.

3. Borrowers have a right to Federal interest benefits, if qualified. For more information about interest benefits, check the struction section of the application.

4. Lenders must provide the borrower with a copy of the completed promissory note.

5. Borrowers have a right to a 9 to 12 month "grace period" before repayment begins after the borrower has left school or is tending school less than half-time. The exact length of this period is indicated by the lender on the promissory note.

6. Borrowers have a right to prepay the loan without penalty. The borrower may, at any time, pay the loan balance and any terest due without being charged a penalty by the lender.

7. Borrowers have a right to deferment of repayment. Under deferment a borrower is not required to make payments on the l principal for a period of time. The conditions that qualify a borrower for a deferment are listed in Section V(2) on the promiss note. Also, if the borrower qualified for Federal interest benefits while in school, he/she will not be required to pay interest the loan during the deferment period.

8. Borrowers may request forbearance. If the borrower cannot meet his/her repayment schedule, he/she may request forbeara from the lender, under which the payments may be reduced for a specified period of time if it will assist the borrower in avoidi default.

9. The loan obligation will be canceled in the event of death or permanent and total disability. THIS LOAN CANNOT CANCELED OR "FORGIVEN" FOR DUTY IN THE MILITARY SERVICE OR FOR TEACHING IN SHORTA AREAS.

### BORROWER RESPONSIBILITIES

1. The borrower must use care in choosing a school. All schools must provide information to prospective students about school's programs and performance. Borrowers should consider this information carefully before deciding to attend a scho

2. The borrower must arrange with the lender to pay the interest on the loan if he/she does not qualify for Federal interest be fits. Interest benefits are explained in the instruction section of the application booklet.

3. The borrower must notify the lender if any of the following occurs before the loan is repaid.
   A. graduation
   B. withdrawal from school or less than half-time attendance
   C. changes of address

4. The borrower should notify the lender if the following occurs
   A. name changes (e.g. marriage)
   B. transfers to other schools

5. The borrower must repay the loan in accordance with the repayment sch ment terms are listed in Sections II and V of the promissory note.

6. The borrower must notify the lender of any occurrence which may affect the borrower's eligibility for a deferment if the b rower is under deferment of repayment.

By my signature below I CERTIFY that I have read and discussed my rights and responsibilities listed above with the lend

_Albert D. Walker_             _9-13-83_
SIGNATURE OF BORROWER             DATE

*[Stamp overlay:] All right, title and interest of the undersigned is hereby assigned (without recourse except that the note qualifies for insurance) to the United States of America. Citibank (NYS), N.A. Manager RC Ballard Title of Officer Date signed*

*[Stamp overlay:] 49-070 MARION ITT EDUCATIONAL SERVICES, INC. The intangibles tax on the instrument is paid direct to the Intangibles Tax Division in accordance with Chapter 15.1 Acts of 1957 OFFICIAL PERMIT STAMP Approved by Intangibles Tax Division.*

*[Stamp overlay:] "Pay to the order of Citibank (New York State), N.A. without recourse. For a statement of the obligations of ITT Educational Services, Inc., d/b/a ITT Technical Institute, as the case may be, see the Purchase Agreement and Assignment, dated as of June 30, 1978, among ITT Educational Services, Inc. and Citibank (New York State), N.A.*

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

_Adams_  8-5-99
NAME         DATE